FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

MAR 29  1 50 PM '05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BY _____ DEPUTY

| | | |
|---|---|---|
| GEORGE DEMPSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. O5-1087 MLB |
| | ) | |
| DAVID CASEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.     This is a civil action seeking monetary damages arising from the uncontrolled burning of land by fire.  The matter in controversy exceeds $75,000.00 exclusive of interest and costs.  This Court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1).

2.     Venue is proper because the act complained of occurred in the State of Kansas.

### PARTIES

3.     Plaintiff, George Dempsey, is and was, at all material times, an individual with citizenship in the city of Niskayuna, Schenectady County, New York. The plaintiff owns certain real estate in Chataqua County, Kansas which is the subject of this action.

1

4.     The defendant, David Casement, is and was, at all material times, a citizen of Chataqua County, Kansas, and transacts business at said place.

## CLAIMS FOR RELIEF

## COUNT ONE

5.     On or about the 2nd day of April, 2003, the defendant, either individually or by and through individuals acting under his control, direction and supervision, caused a fire ("the fire") to be started on land owned by the plaintiff.

6.     On said day, winds were high.  No reasonable person would have started the fire.  Further, having started the fire in high winds, the defendant did not have the necessary spray trucks, personnel, planning, equipment or other means required to control said fire.

7.     The defendant breached his duty of ordinary care to the plaintiff, constituting negligence.  The breach of duty includes, but is not limited to, the following acts or omissions:  starting the fire when the wind was so strong that no reasonable person would have started the fire in the first place; failing to have the necessary means to control the fire once it was started; failing to notify authorities when the fire was out of control; and such other further acts as may be revealed in discovery.

8.     As a direct and proximate result of the fire, severe and permanent damage was done to plaintiff's property, including, but not limited to, the destruction of numerous trees throughout the property.  Said damage to trees was a direct result of the high winds at the time of the fire, causing the fire to generate inordinate amounts of heat.  The heat killed the trees and caused other damage.

2

9.     The nature of the damages suffered by the plaintiff include, but are not limited to, the cost of removal of the trees killed by the fire, diminution of the value of the property, loss of use, the reasonable value of the trees killed by the fire, replacement of comparable trees, such and other damage caused by the fire and all other damages which are revealed in subsequent discovery in this case.

## COUNT TWO

10.    All allegations set forth above are incorporated herein by reference.

11.    By definition, fire is a "dangerous instrumentality" which is exceptionally dangerous in character.

12.    The starting of the fire was under the defendant's control and he, or others acting on his behalf, had control of the decision to start the fire and were further responsible for the fire once it was started.

13.    The defendant was bound to take exceptional precautions with respect to starting, and later controlling, the fire.  The degree of care therefore required of the defendant must be, by law, equal to the degree of the danger involved.  The defendant breached said duty.

14.    As a direct and proximate result of said breach, the defendant has suffered damages as set forth above.

## COUNT THREE

15.    All allegations set forth above are incorporated herein by reference.

16.    By undertaking the act of starting a fire, the defendant was subject to several local, state and federal rules, regulations and industry standards pertaining to

3

starting, and then later controlling fire. The defendant made himself subject to the same by starting a fire.

17.     Said rules and regulations pertain to numerous aspects of fire management, including, but not limited to: the maximum wind speed allowable for starting a fire; the preparation of a burn plan; the notification of authorities prior to a fire has been started and after it has been put out; the presence of spray vehicles equipped with adequate personnel and water to keep the fire under control; and other rules, regulations and standards.

18.     The defendant breached the above requirements inasmuch as he started the fire while a wind speed above that allowable and then failed to abide by each and every one of the rules, regulations and standards set forth above or provided elsewhere. As a result or said breaches, the defendant is liable to the plaintiff pursuant to the theory of recovery known as *negligence per se*.

19.     As a direct and proximate result of said breach, the plaintiff has suffered damages as set forth above.

WHEREFORE, for relief under each count above, the plaintiff prays that the Court order the defendant pay plaintiff the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) and enter judgment for the same, for the costs of this action and for such and other further relief as the Court deems just and proper.

SUBMITTED BY:

BRENTON G. LONKER, #14547
3397 SW US Hwy 160
Medicine Lodge, Ks.  67104
Ph 620-886-5124
Fx 620-886-5704

## REQUEST FOR TRIAL BY JURY

The plaintiff, George Dempsey, hereby requests that all issues of fact in this action

be tried by a jury.

BRENTON G. LONKER, #14547
3397 SW US Hwy 160
Medicine Lodge, Ks.  67104
Ph 620-886-5124
Fx 620-886-5704

## DESIGNATION OF PLACE FOR TRIAL

The plaintiff, George Dempsey, hereby designates Wichita, Kansas, as the place

for trial of this matter.

BRENTON G. LONKER, #14547
3397 SW US Hwy 160
Medicine Lodge, Ks.  67104
Ph 620-886-5124
Fx 620-886-5704