**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GEORGE DEMPSEY, Individually, and as natural guardian and next friend of his minor son, MATTHEW A. DEMPSEY, a minor child,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v.  ) | **Case No. 05-1087-KMH** |
| ) | |
| **DAVID CASEMENT,** ) ) | |
| **Defendant.** ) ) ) | |

**MEMORANDUM AND ORDER**

The issue before the court is the proper measure of damages caused by defendant's pasture burn on plaintiffs' land in April 2003.[1] Defendant contends that this type of damage is measured by: 1) the diminished market value of the land upon which the dead trees rest (roughly 20 acres) or 2) the market value of the dead trees. Plaintiffs assert that they are entitled to recover: 1) the market value of the destroyed trees; 2) "restoration" or cleanup

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties "consented" to the jurisdiction of the undersigned magistrate judge to conduct all proceedings in this case.

costs; and 3) lost grazing income.[2]  The parties' arguments are set forth in greater detail below.

## **Nature of the Case**

As noted above, this is a property damage case arising from a fire on plaintiffs' land. Highly summarized, defendant leased 325 acres of rural land from plaintiffs for the purpose of grazing cattle.  In order to promote the growth of grasses and to limit undesirable vegetation, defendant conducted a yearly burn of the leased land.  Ordinarily such burns do not affect hardwood trees; however, in this instance the fire got out of control and killed hardwood trees in addition to the expected burning of grasses and small vegetation.[3]

Plaintiffs assert claims of negligence and negligence per se and seek monetary damages for injuries caused by the fire.  Because damages are a major issue in this lawsuit, the parties have submitted briefs and the following stipulated facts in an effort to resolve their dispute concerning the appropriate measure of damages.

---

[2] Regardless of the measure of damages utilized by the court, plaintiffs agree that their damages are limited or "capped" by the actual value of the land at the time of the fire. (Doc. 31, p. 2.).

[3] Apparently, "excess wind, sufficient fuel and low humidity" caused the fire to spread to the upper branches of the trees (a "crown fire").

## **Stipulated Facts**

1. Plaintiffs were the owners of 325 acres of land in rural Chautauqua County, Kansas on April 2, 2003.

2. The 325 acres of land were unimproved, except for certain ponds, fencing, deer food plots and deer hunting stands.

3. The 325 acres of land were comprised of roughly 65% heavily timbered land and 35% native grasses.

4. One of the uses of the 325 acres of land was for recreational purposes such as hunting and camping.

5. Another use of the 325 acres of land was defendant's contractual right to graze cattle on the land in exchange for a leasing fee.

6. On April 2, 2003, a fire was purposely set on the 325 acres of land, intended as a yearly burning for proper land/grass management for cattle grazing purposes.

7. The April 2, 2003 fire got out of hand and killed certain hardwood trees (oaks, pecans, etc.) in addition to the anticipated burning of native grasses.

8. Plaintiffs' complaint is based on the death of the trees, not the burning of the native grasses.[4]

## **The Measure of Damages**

Defendant argues that Kansas law measures permanent damage to real estate by "the

---

[4] In addition to the stipulated facts, plaintiffs submitted a "statement of additional facts" which describe defendant's negligence. Defendant objects that these "additional" facts violate the parties' agreement to submit the issue of damages on stipulated facts and attempt to cast defendant in a bad light. Because the "additional" facts are not relevant to the measure of damages, they will not be considered by the court.

-3-

loss of market value." In support of his argument, defendant cites PIK 3d 171.20 which provides:

> When damage to real estate is **permanent or irreparable**, the measure of damages is the **difference between the fair and reasonable market value of the property as a whole, including the improvement thereon, immediately before and immediately after the injury.**
>
> Fair and reasonable market value is that amount which would be paid under normal circumstances on the free and open market, in the usual course of dealings, by a willing buyer not forced to buy, and which amount would be acceptable to a willing seller not forced to sell.

(emphasis added). See also, Williams v. Amoco Production Co., 241 Kan. 102 (1987); Kiser v. Phillips Pipe Line Co., 141 Kan. 333 (1935).[5] Defendant contends that the death of trees is permanent damage; therefore, PIK 3d 171.20 defines the appropriate measure of damages in this case. In the alternative, defendant argues that plaintiffs are only entitled to the lost value of each tree. See, e.g., Atchinson, Topeka & Santa Fe R.R. v. Owens, 6 Kan. App. 515 (1897)(the independent value of the tree hedge is the preferred measure of damages by fire).

Plaintiffs counter that the damage in this case is "temporary" because the real estate can be repaired and restored to its original condition by the planting of new trees and the

---

[5] In contrast, where the damage is temporary, PIK 3d 171.21 provides:

> When damage to real estate is temporary and of such a character that the property can be restored to its original condition, the measure of damages is the reasonable costs of repair necessary to restore it to its original condition, [plus a reasonable amount to compensate for (loss of use) (loss of rental value) of the property while repairs are being made with reasonable diligence], **but not to exceed its fair and reasonable market value before the injury.** (Emphasis added).

-4-

removal of the burned trees. Plaintiffs argue that, under the circumstances of this case, they are entitled to recover: 1) compensation for the cost of removing the remains of the destroyed trees; 2) compensation for the loss of valuable timber destroyed by the fire; and 3) the lost rental income from grazing the land.[6] As explained in greater detail below, the court is satisfied that plaintiffs' requested damages are permissible and consistent with Kansas law.

Although the temporary-permanent distinction is a recognized legal principle in Kansas, defendant's argument that, as a matter of law, damages in this case are "permanent" and therefore limited to "the loss of market value" of the real estate is not persuasive. The Kansas Supreme Court rejected defendant's argument in a 1916 case raising similar issues concerning the measure of damages. <u>Collins v. Morris</u>, 97 Kan. 264 (1916). In <u>Collins</u>, defendant presented evidence and argued to the jury that the destruction of plaintiff's shade trees by fire caused no diminution in value to plaintiff's land and may have even made the land more valuable for farming. The Kansas Supreme Court ruled that the admission of such evidence was error and ordered a new trial, holding:

> [W]here trees are destroyed, and they had a distinct value susceptible of distinct measurement, the value of the trees or things destroyed is the best measure and the most satisfactory method of determining the value of the loss.

---

[6] Plaintiffs contend that the remnants of the dead trees provide a fuel source for future fires and should be removed. In addition, plaintiffs only seek damages for "harvestable" trees such as red and white oak and do not seek damage for nuisance trees such as cedar.

* * *

> **It is not for the wrongdoer who causes an injury to decide whether an owner should have used his land for a particular purpose nor the use to which it can most profitably be employed.** He is liable to pay for the loss of the property appurtenant to real estate which is actually destroyed and which has a value independent of the land, such as buildings and trees, and the evidence indicates that there was no difficulty in determining the value of the trees destroyed and the extent of the loss sustained.

Id. at 53-54 (quoting Railway Co. v. Lycan, 57 Kan. 635 (1897) and Barker v. Railway Co., 94 Kan. 61(1915)(emphasis added)). Accordingly, defendant's argument that plaintiffs' damages are limited to the diminution in value of the real estate immediately before and immediately after the fire (the lost market value) is rejected.

Defendant also asserts that plaintiffs are not entitled to any damage award for the restoration of the land or lost grazing rent if they recover damages for the value of the individual trees. However, the court is unable to resolve this issue on the limited stipulated facts. For example, depending on the evidence, some reasonable damage award might be appropriate for cleaning up the remains of the dead trees if plaintiffs' use of the land is otherwise substantially impaired.[7] However, if plaintiffs seek and recover damages based on the value of the individual trees as harvested lumber, an additional award for restoring the

---

[7] The reasonableness of such a cleanup on unimproved real estate is a question of fact for the jury. Similarly, the reasonable cost for such a cleanup is also a question for the jury.

land by planting new trees would appear excessive.[8]  The resolution of this issue will largely depend on the evidence presented at trial.[9]

Finally, defendant argues that plaintiffs' damages are limited to the value of the 20 acres that were burned rather than the value of the entire 325 acres.  See, e.g., Champion Home Builders v. Shumate, 388 F.2d 806, 810 (10th Cir. 1967)(an award for restoration expenses cannot exceed the market value of the damaged property).  Plaintiffs do not dispute or challenge defendant's legal argument and "agree that the amount of these damages are limited or "capped" by the actual value of the land at the time of the fire."  Accordingly, damages in this case are limited to the value of the 20 acres burned.

## Summary

Contrary to defendant's arguments, plaintiffs' damages in this case are not limited to the loss in market value of the real estate caused by the fire.  As summarized by the Kansas Court of Appeals:

> There is no one set rule under Kansas law for recovery of damages for the loss of real property.  The measure of damages depends on the facts of the case. . . .   The purpose of awarding damages is to make the injured party

---

[8] Under this example, plaintiffs would be seeking the "harvest" value of the trees and also the cost of replacing the trees.  Such a scenario suggests a duplication of damages but the dispute is better addressed after the issues are narrowed by a final pretrial order and evidence is presented.  It is not clear at this time whether plaintiffs are seeking damages for the cost of replanting trees.

[9] In addition, it is not clear at this time how or why plaintiffs would have suffered any loss of rent for grazing cattle.

> whole by restoring that party to the position he or she was in prior to the injury.  **Damages are not allowed, however, which grant a windfall.**

Horsch v. Terminix International Company, 19 Kan. App. 2d 134, 138-39 (1993)(emphasis added, internal citations and quotations omitted).  Accordingly, plaintiff may pursue its claim for the value of the trees destroyed and appropriate "restoration" damages.  Plaintiffs' recovery will turn on the facts and evidence presented; however, such damages may not exceed the market value of the 20 acres at the time of the fire.  Equally important, any damages awarded must be reasonable.  The court will not permit a windfall.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 14th day of February 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge